Leon W. HASTINGS, Plaintiff,

v.

**UNION BOILER COMPANY and Aetna Life & Casualty Company, Defendants.**

**Civ. A. No. 86–0034 P.**

United States District Court,
D. Maine.

June 12, 1986.

Douglas S. Kaplan, Kenneth W. Hovermale, Portland, Me., for plaintiff.

Peter J. Brann, Augusta, Me., for intervenor Atty. Gen., James Tierney.

James M. Bowie, Hunt, Thompson & Bowie, Portland, Me., for defendants.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

Presently before the Court are the motions of Defendants Union Boiler Company ("Union Boiler") and Aetna Casualty & Surety Company ("Aetna") and of Intervenor James Tierney ("Tierney") to dismiss the pending action of Plaintiff Leon W. Hastings ("Hastings") for declaratory judgment. Union Boiler, Aetna and Tierney seek dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Union Boiler and Aetna also seek dismissal, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction.

Hastings seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201, 2202, that the appellate review procedures of the Maine Workers' Compensation system, 39 M.R.S.A. §§ 103–A, 103–B and 103–C (Supp.1985), are unconstitutional. On September 19, 1981 the Maine Workers' Compensation Commission ("the Commission") dismissed Plaintiff's petition for an award, based upon lack of subject matter and personal jurisdiction. Complaint, ¶ 8. The Commission affirmed the dismissal on June 10, 1982, and on October 11, 1985, the Appellate Division of the Commission affirmed the dismissal of the petition. Complaint, ¶¶ 9, 11. On December 18, 1985, the Maine Supreme Judicial Court, sitting as the Law Court, denied the petition of Hastings for appellate review of the decision of the Appellate Division, pursuant to 39 M.R.S.A. § 103–C.[1] Complaint, ¶ 16.

On January 16, 1986, Plaintiff filed the present declaratory judgment action in this Court, seeking a declaration that the appellate review system following the denial of Plaintiff's Workers' Compensation petition for award, 39 M.R.S.A. §§ 103–A, 103–B, and 103–C, is violative of the due process and equal protection clauses of the U.S. Constitution. Plaintiff also seeks a declaration that under Fourteenth Amendment due process, the Commission has personal jurisdiction over Union Boiler and subject matter jurisdiction over the underlying claim.

Intervenor Tierney's Reply Memorandum in support of his Motion to Dismiss the Amended Complaint asserts that a complaint for declaratory judgment in an unrelated state action, dismissed by the Superior Court, raises identical constitutional issues as are posed in the case at bar. *See*

---

1. 39 M.R.S.A. § 103–C states in part:

> 3. **Discretionary appeal; action.** Upon the approval of 3 or more members of a panel consisting of no less than 5 justices of the Law Court, the petition for appellate review may be granted. If the petition for appellate review is denied, then the decision of the division shall be final. The petition shall be considered on written briefs only.

> If the petition for appellate review is granted, then the clerk of the Law Court shall notify the parties of the briefing schedule consistent with the Maine Rules of Civil Procedure, and in all respects the appeal before the Law Court shall be treated as an appeal in an action in which equitable relief has been sought. The Law Court may, after due consideration, reverse, modify or affirm any decision of the division.

*Lowe v. C.N. Brown Co.*, No. CV–86–51 (Me.Super.Ct., Cum.Cty., Apr. 29, 1986). Intervenor Tierney informs the Court that the plaintiff in *Lowe* has appealed the dismissal of the declaratory judgment complaint to the Maine Law Court. Letter of Peter J. Brann, Assistant Attorney General, May 28, 1986.

As in the present action, the plaintiff in *Lowe v. C.N. Brown* was denied a petition for appellate review by the Law Court, 39 M.R.S.A. § 103–C, following the Workers' Compensation Appellate Division's denial of the plaintiff's appeal from an original petition for an award of further compensation. Moreover, as in the case at bar, the plaintiff in *Lowe* alleges in her declaratory judgment action that the appeals procedure set out in 39 M.R.S.A. §§ 103–A, 103–B and 103–C is violative of the U.S. Constitution's due process and equal protection clauses. *See Lowe v. C.N. Brown Co., supra,* Complaint for Declaratory Judgment, ¶¶ 20, 24.

The Law Court now has before it, in an unrelated action, the same question regarding the constitutionality of the Maine Workers' Compensation appeals procedure as is presently before this Court. This Court, therefore, will defer to the ongoing proceeding in state court in accordance with the doctrine of discretionary abstention. *Marcal Paper Mills, Inc. v. Ewing,* 790 F.2d 195, 198 (1st Cir., 1986). In language applicable as well to this Court's treatment of the issue, the First Circuit stated in *Marcal Paper Mills*:

> ... [I]t does not make sense for a state and federal appellate court in the same geographical circuit to decide precisely the same complex issues of state and federal law at about the same time.... [I]f we were to decide these issues and reach a result contrary to the result reached by the Maine Supreme Court, this would precipitate a direct confrontation over the binding nature of our decision versus that of the Maine Supreme Court upon the Maine Superior Court ...

*Id.*

For the foregoing reasons, all further proceedings are hereby *STAYED* pending the resolution by final judgment of the matter currently before the Law Court in *Lowe v. C.N. Brown Co.*, No. CV–86–51.

So ORDERED.